UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLY CARPENTER, ON BEHALF OF
DERRICK LEE CARDELLO-SMITH, No.
267009,

    Petitioner,       Case No. 2:24-cv-11176
                 Hon. Jonathan J.C. Grey
v.

C. KING, WARDEN, ET AL.,

    Respondents.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Carlie Carpenter, a complainant in one of Michigan prisoner Derrick Lee Cardello-Smith's criminal cases, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on his behalf.[1] Carpenter asserts that she was paid and threatened by the prosecutor and police to testify falsely against Cardello-Smith, resulting in his unjust

---

[1] The MDOC website indicates that Cardello-Smith is serving multiple lengthy prison terms for his Wayne Circuit Court plea-based convictions of ten counts of first-degree criminal sexual conduct, two counts of kidnapping, and two counts of third-degree criminal sexual conduct. https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=267009.

imprisonment. Since Carpenter may not bring a habeas petition on behalf of Cardello-Smith, the Court will dismiss the case without prejudice.

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief from the face of the petition, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

Carpenter submitted a petition for writ of habeas corpus on behalf of an incarcerated individual in a Michigan prison unrelated to her. Carpenter indicates that she is not an attorney, and the petition is not signed by the prisoner whose release Carpenter seeks. Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the

2

attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

There are circumstances where a petition for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). "Next friend" status, however, is not automatically granted. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id*. First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on [their] own behalf to prosecute the action." *Id*. Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [they] seeks to litigate." *Id*. Where a habeas petitioner seeks to proceed as the next friend of a state inmate, the burden is upon the petitioner to establish the propriety of [their] status to justify the court's jurisdiction. *See Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

3

Carpenter alleges no facts indicating that she is entitled to maintain a "next friend" action on behalf of Cardello-Smith. Carpenter does not assert that Smith is incompetent or incapable of bringing a habeas petition on his own behalf. Nor has she asserted facts establishing that she is truly dedicated to his interests. *See Tate v. U.S.*, 72 F. App'x. 265, 267 (6th Cir. 2003) (unpublished). Finally, Carpenter is not an attorney capable of acting in that capacity on behalf of Cardello-Smith. *See* E.D. Mich. LR 83.20(i).

It appears from the petition that Carpenter's motivation to file the habeas petition stems from a guilty conscious. There is no indication that Cardello-Smith has knowledge of the petition or that he is incapable of filing one himself. The Court, therefore, will dismiss the petition without prejudice.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED** because any appeal of this order would be futile. 28 U.S.C. §§ 1915(a)(3); 2253(c)(1)(a).

4

**SO ORDERED.**

s/ Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States District Judge

Dated: August 28, 2024

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 28, 2024.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager